**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JENNIFER LEMISKA,

               Plaintiff,

               v.

THE BRIAD GROUP, et al.,

               Defendants.

Civil Action No. 20-08130 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon two motions. The first is Defendant Emily Beecher's ("Defendant") Motion to Stay the Proceedings. (ECF No. 3.) The second is Plaintiff Jennifer Lemiska's ("Plaintiff") Motion to Remand this matter to state court. (ECF No. 4.) Plaintiff opposed the Motion to Stay (ECF No. 7), and Defendant replied (ECF No. 8). Likewise, Defendant opposed the Motion to Remand (ECF No. 9), and Plaintiff replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grant's Plaintiff's Motion to Remand and denies the Defendant's Motion to Stay as moot.

I.      **BACKGROUND**

On May 5, 2020, Plaintiff filed an Amended Complaint against Defendant Beecher and other co-defendants[1] in the Superior Court of New Jersey, Law Division, Middlesex County. (*See*

---

[1] The Defendants in this matter are The Briad Group, Briad Wenco, LLC, Wendy's, Wendy's Company, Wendy's International, William Yeung (also known as Bobby Yeung), Augustine (Last Name Unknown), ABC Corporations 1-5, John Does 1-5, and Emily Beecher.

Am. Compl., Ex. A to the Notice of Removal, ECF No. 1-1.)   According to the Amended Complaint, "Plaintiff is an individual residing in South Amboy, New Jersey, and at all times relevant hereto, was employed . . . as a Store Associate at a Wendy's Old Fashioned Hamburger restaurant located at 1344 U.S. 9, Old Bridge Township, New Jersey 08857." (*Id.* ¶ 1.) Plaintiff alleges that the Defendants "subjected Plaintiff to a workplace rife with sexual harassment, discrimination, and retaliation because of her gender." (*Id.* at 2.) The Amended Complaint avers that Plaintiff's co-worker, Defendant Augustine Last Name Unknown ("LNU"), harassed Plaintiff by "(1) grabbing her hand and kissing it, (2) intentionally brushing up against her, (3) grabbing her buttocks, (4) putting his hands on Plaintiff's shoulders in an effort to pin Plaintiff down in a chair so Plaintiff could not get up, and (5) attempting to grab Plaintiff's vagina as he walked past Plaintiff." (*Id.*) Furthermore, the Complaint avers that Defendant Beecher was at all relevant times a manager at the Wendy's location where Plaintiff was employed. (*Id.* ¶ 8.) Among other things, Plaintiff alleges that Defendant Beecher "failed to take any steps whatsoever to remediate the situation or to redress Defendant Augustine LNU's egregiously abusive conduct." (*Id.* ¶ 37.)

Moreover, the Amended Complaint alleges that on May 14, 2020, after Plaintiff filed her initial Complaint in state court, counsel for the corporate entities in this suit advised Plaintiff's counsel that "your client signed an [a]rbitration [a]greement in connection with her employment with [Defendant] Briad Wenco, LLC." (*Id.* at 3.) Counsel for the corporate entities "[a]ccordingly . . . demand[ed] that Plaintiff immediately withdraw her Complaint and file her claim pursuant to the JAMS Employment Arbitration Rules & Procedures . . . ." (*Id.*) After receiving this correspondence, Plaintiff filed an Amended Complaint in state court. The Amended Complaint asserts that the arbitration agreement referenced by the corporate entities' counsel "is in clear violation of New Jersey law." (*Id.* (citing N.J. Stat. Ann. § 10:5-12.7 ("A provision in any

2

employment contract that waives any substantive or procedural right or remedy relating to a claim of discrimination, retaliation, or harassment shall be deemed against public policy and unenforceable.").)  In total, the Amended Complaint brought four counts against the Defendants: Count One for disparate treatment and hostile work environment discrimination due to gender/sex under the New Jersey Law Against Discrimination ("NJLAD"), (*id.* ¶¶ 73-81); Count Two for retaliation/reprisal under NJLAD, (*id.* ¶¶ 82-85); Count Three for sexual harassment and hostile work environment discrimination under NJLAD, (*id.* ¶¶ 86-101); and Count Four for a judgment under the New Jersey Declaratory Judgment Act, N.J. Stat. Ann. § 2A:16-50, declaring that the arbitration agreements at issue in this case are void because they violate state law, (*id.* ¶¶ 102-110).

On July 1, 2020, Defendant Beecher removed the action to this Court.  (Notice of Removal, ECF No. 1.)  The Notice of Removal asserts that "[t]his Court has original jurisdiction over Plaintiff's Declaratory Judgment claim (and most likely her other claims), which is preempted by the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16 *et seq.*"  (*Id.* ¶ 4.)  "In other words, Plaintiff's Declaratory Judgment claim is a claim arising under federal law over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), and thus, removal from state court to this Court is proper."  (*Id.*)  In her brief opposing Plaintiff's Motion for Remand, Defendant Beecher directs the Court to an ongoing litigation between the New Jersey Civil Justice Institute and the Chamber of Commerce of the United States of America against the Attorney General of the State of New Jersey.  (Def.'s Mot. to Remand Opp'n Br. 2, ECF No. 9 (citing *New Jersey Civil Justice Institute v. Grewal*, No. 19-17518 (D.N.J. Aug. 30, 2019).)  The plaintiffs in that matter challenge N.J. Stat. Ann. § 10:5-12.7's "complete ban on pre-dispute employment arbitration agreements" and argue that the state law "is therefore preempted by federal law under the

Supremacy Clause of the Constitution of the United States." *Id.* Defendant Beecher's Motion to Stay argues that the Court should stay this matter pending a decision in *New Jersey Civil Justice Institute v. Grewal* because "[t]he claims in Plaintiff's Amended Complaint necessarily require resolution of the preemption challenge" at issue in *New Jersey Civil Justice Institute.* (Mot. to Stay Moving Br. 2, ECF No. 3-1.)

## II.    <u>LEGAL STANDARD</u>

A defendant in a state court civil action may remove the case to federal court if the federal court would have had original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Once the matter has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal statutes are "strictly construed against removal," and all doubts are to be resolved in favor of remand. *Samuel-Bassett*, 357 F.3d at 396.

In this case, there is no assertion of diversity jurisdiction. (*See* Notice of Removal Civil Cover Sheet, ECF No. 1-2; *see also* Am. Compl. ¶ 2 (averring that Defendant Briad Group's principal place of business is in Livingston, New Jersey).) Accordingly, the Court can obtain subject matter jurisdiction over this matter only if federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). "[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of

the pleading that initiates the case." *Id.* at 250 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983)). "[A]nything alleged in anticipation of avoidance of defenses" may not be considered. *Franchise Tax Bd.*, 463 U.S. at 10 (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). "[A] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Goldman*, 834 F.3d at 250 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28). Furthermore, "[t]he well-pleaded complaint rule is fully applicable to complaints seeking only declaratory relief." *Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 F. App'x 80, 81 (3d Cir. 2006). "A case does not arise under federal law simply because it is brought pursuant to the Declaratory Judgment Act. A district court lacks jurisdiction where, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state-created action." *Id.*

## III.   DISCUSSION

### A.   The Federal Arbitration Act Does Not by Itself Provide Subject-Matter Jurisdiction

As a preliminary matter, the Court notes that no party has moved to compel arbitration in this case. (Def.'s Mot. to Remand Opp'n Br. 11 ("[i]n the instant case, Plaintiff signed an [a]rbitration [a]greement when she commenced her employment with Briad. Briad neither moved to compel arbitration nor otherwise sought to enforce the [a]rbitration [a]greement against Plaintiff").) Nor has Plaintiff expressly invoked the FAA in any fashion whatsoever. (Pl.'s Mot. to Remand Moving Br. 1, ECF No. 4-1 (asserting "Plaintiff brings this employment action for discrimination and retaliation under New Jersey law *only*, asserting claims under the [NJLAD] and under the New Jersey Declaratory Judgment Act").) Rather, it is Defendant who asserts that "Plaintiff's Declaratory Judgment claim . . . is preempted by the Federal Arbitration act." (Notice

of Removal ¶ 4; *see also* Pl's Mot. to Remand Reply Br. 5, ECF No. 10 (noting that "it is Defendant

Beecher, and *not* the Plaintiff, that has injected the issue of preemption into this litigation").)

Whether or not the parties move to compel arbitration, however, as Plaintiff correctly

argues, the FAA is not by itself an independent basis of federal question jurisdiction.  "While the

Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration

agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C.

§ 1331 or otherwise." *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984).  "This seems implicit

in the provisions in § 3 for a stay by a 'court in which such suit is pending'" and in § 4 that

enforcement may be ordered by "any United States district court which, save for such agreement,

would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a

suit arising out of the controversy between the parties."  *Id.*; *see also Goldman*, 834 F.3d

at 249-50 ("[t]he Arbitration Act is something of an anomaly in the field of federal-court

jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to

honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction

under 28 U.S.C. § 1331" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1, 25 n.32 (1983))).  Accordingly, Defendant must point to something more than the mere

existence of an arbitration agreement between the parties and the FAA in order to invoke this

Court's subject matter jurisdiction.

### B.  Defendant's Assertion of Preemption May Not Be Used as A Basis of Removal to Federal Court

Defendant argues that its basis for subject matter jurisdiction is not the FAA itself.  Rather,

Defendant argues that there is a lurking federal preemption issue "implicit" in Defendant's claim

for a declaratory judgment that her arbitration agreement is void under state law.  (Def.'s Mot. for

Remand Opp'n Br. 9 n.2 ("The basis for subject matter jurisdiction in this action is not the FAA,

but Plaintiff's *implicit* assertion that [N.J. Stat. Ann. § 10:5-12.7] preempts the FAA." (emphasis added)).)  But "[i]t does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009).  Relatedly, district courts are instructed to read a party's invocation of the FAA "in light of the well-pleaded complaint rule and the corollary rule that federal jurisdiction cannot be invoked on the basis of a defense or counterclaim." *Id.*  "The well-pleaded complaint rule dictates that a plaintiff is ordinarily entitled to its chosen state-court forum so long as its complaint does not allege a federal claim on its face." *Est. of Maglioli v. Andover Subacute Rehab. Ctr.*, 478 F. Supp. 3d 518, 525 (D.N.J. 2020).  It is black-letter law that in order to satisfy the well-pleaded complaint rule, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *Franchise Tax Bd.*, 463 U.S. at 10-11).  Moreover, "the well-pleaded complaint rule is fully applicable to complaints seeking only declaratory relief." *Tombs*, 215 F. App'x at 81.

Here, the Court finds that Defendant cannot establish federal question jurisdiction by arguing the FAA preempts N.J. Stat. Ann. § 10:5-12.7.  Such an invocation violates the well-pleaded complaint rule.  In the matter now before the Court, Plaintiff's Amended Complaint does not invoke the FAA, preemption, or the Supremacy Clause.  Rather, Plaintiff's claims are for unlawful harassment, discrimination, retaliation, and a request for a judgment under New Jersey's declaratory judgment act that her arbitration agreement is illegal under state law.  (*See generally* Am. Compl.)  To defend against Plaintiff's attack on the arbitration agreement, Defendant invokes the FAA, preemption, and the Supremacy Clause.  But "[f]ederal jurisdiction cannot be predicated

on an actual or anticipated defense." *Vanden*, 556 U.S. 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

It is true, however, that "complete preemption" is an exception to the well-pleaded complaint rule. *New Jersey v. City of Wildwood*, 22 F. Supp. 2d 395, 401 (D.N.J. 1998). But the United States Supreme Court has only recognized "complete preemption" in certain narrow categories of cases. *Id.* (listing Labor Management Relations Act and Employee Retirement Income Security Act cases as categories of complete preemption cases). In such cases, "the federal statute preempting state law evinces a Congressional intent to permit removal despite the plaintiff's reliance on state law." *Id.* at 402. Defendant has not suggested that Plaintiff's claims are subject to complete preemption and the Court will not analyze this possibility in depth. The Court notes, however, that "[i]n cases involving issues of *ordinary* preemption, the state courts are competent to determine whether state law has been preempted by federal law and they must be permitted to perform that function in cases brought before them, absent a Congressional intent to the contrary." *Id.* (emphasis added). The Court finds that the ordinary preemption arguments raised by Defendant can be competently adjudicated by state courts.

### C.     Sanctions

Finally, Plaintiff asks the Court to award her attorney's fees and costs incurred in seeking remand. (Pl.'s Mot. to Remand Moving Br. 16 (citing 28 U.S.C. § 1447(c)).) Although the Court agrees that removal to the District of New Jersey was improper, the Court does not believe that Defendant's actions lacked any objectively reasonable basis. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal."). Accordingly, an award of attorney's fees and costs is unwarranted.

**IV.** **CONCLUSION**

For the reasons set forth above, the matter is remanded to the Superior Court of New Jersey, Law Division, Middlesex County.  Because the Court lacks subject matter jurisdiction to hear this matter, Defendant's Motion to Stay the Proceedings is denied as moot.  The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**